The facts connected with the points decided, and every thing necessary to enable the reader to understand 'them, will be found in the opinion of the. court, which was delivered by
Huston, J.
John Good, the plaintiff below, brought this suit against Hcriry Rush, Adam Goehinoer and Samuel B. Moore, styling them trustees of Benjamin Hart^.
*227 The declaration contained two counts. The first stated, in substance, that Benjamin Hart, on the 1st of January,, 1S16, was indebted to John Good in the sum of eight thousand doliars, and promised to pay the same. That afterwards, on the 13th of April, 1816, by a deed of assignment, he transferred to the defendants (naming them) all his real and personal property, in trust to sell and dispose of the same for cash, and appropriate the same to pay the debts of the said Benjamin Hart, in the order in the said deed mentioned; and averred that the said defendants had, in pursuance thereof, taken into their possession all the real and personal property of the said Hart, and disposed of the same, and collected debts due and owing to the said Hart, and from the sale of property and collection of debts, had collected and received into their possession, a large sum of money, viz. sixty thousand dollars, a sum sufficient to pay all just claims and demands due and owing by the said Hart, whereby- action had accrued to the said Good to have and demand, &c., of which the defendants had notice, and in consideration thereof assumed, &c. &c.
The second count was the common one for money had and received..
On the trial of the cause, the opinion of the court was desired on the first count, — whether the two counts could be joined, — whether the suit could be supported by the plaintiff against the defendants, on the evidence given, and two bills of exception were taken. as to testimony admitted or rejected.
In this court several errors were assigned:—
1. '“There is no cause of action in the first count in the declaration,-and the verdict being taken generally5’ is erroneous.
It was contended that the creditors of the assignor must pursue the directions of'the act of the 24th of March, 1811, “to compel assignees to settle their accounts, and for other purposes,” and that in no case can a suit at common law be instituted by a creditor against such assignees. This court is not of that opinion. Where the assignees have sold the property and received money enough to pay all the debts of the assignor, an action will lie to compel payment to a creditor, whose claim against the assignor is established. This is where the trustees have all received the money, and are all equally liable. On'the face of. this count, then, there is stated a sufficient cause of action.
Second error assigned. “The first count is against the defendants as trustees of Hart; the second against them personally. These counts cannot be joined.”
This objection seemed to have been made under an idea, that a verdict and judgment on the first-count, would only have affected the trust property. This is not however the case, — -both the first> and second counts charge the defendants personally.
Third error. It appeared a rule of reference had been entered in this cause by Jidam Goehinoer, representing himself as acting *228 for himself, and the other defendants, but no authority appeared from them. There had been a report, from which an appeal was taken by the said Goehinoer, representing himself in the same character; after which came the trial, verdict, and judgment: and we think we cannot take notice of this as error. If Goehinoer had authority, all is right; if he had not, still, as the power to bring back the cause was equal to that which removed it, we see nothing to object to. If never legally referred, it is as if never referred. If the cause had rested on the report of the arbitrators, and the plaintiff had issued execution for the sum awarded, it would have been necessary to decide whether the other defendants were bound; but when the cause was restored tp the court by the same person and the same authority which withdrew it, — where both parties have considered it in court after the appeal, and proceeded to trial, we must consider it'legally in court, unless some one of-the defendants would come and deny the right of appealing for him, and support his denial at least by his own affidavit.
The next errors assigned, are to the admission, in evidence of two papers, and the rejection of a third. -
The act to compel trustees to settle their accounts, gives to the Court of Common Pleas power to compel trustees to exhibit in court an account of the property received, and of the- manner in which they have’disposed of it. The words of the act would seem to grant this power only on the application of a creditor. No such application to the Common Pleas was alleged, hut certain papers purporting to be accounts, or purporting, if taken altogether, to exhibit some account of the property received, were found in the office of the prothonotary of the Court of Common Pleas. One of them purported to be an account of Henry Rush, one of the trustees, of.such property as came to his hands, and his application of the same, showing that a balance of ninety-seven dollars was in his hands. It was indorsed, “ March 13th, 1820, read, and ordered' to be filed.” This account was signed and sworn to by Henry.Rush. Another of these papers was marked, “filed.” It was not signed by any person, nor sworn to, nor any date affixed to it. It purported to give an account of property which had belonged to Benjamin Hart, and which had been sold, amounting to nine thousand eight hundred and forty-nine dollars and ninety-three cents; and an exhibit of monies applied to the payment of Hart’s debts by didam Goehinoer, to the amount of seven thousand four hundred and seventy dollars and eighty-two cents, and by Rush, to the amount of one thousand four hundred and thirty-eight dollars and twenty-five cents. The part relating to the disbursements by Rush, agreed with the account of disbursements in his separate account, before mentioned.
There was also a third paper, containing an account of property received from Hart, and not sold, and which, as it stated, the trustees had offered for sale unsuccessfully. This paper had no date, *229 nor was it signed by any person; blit, so far as stated, it was in the same handwriting as the two other accounts. There was, however, attached'to it, a statement, specifying particularly the amount due from Benjamin Hart to S. B. Moore and Jidam Goehinoer, two of the trustees, on bonds, mortgages, &e. This last was in the handwriting of S. B. Moore, one of the trustees. It was not Indorsed. The clerk in the prothonotary’s office had no recollection of the time or manner in which any of-the papers were put in the office, nor could he state whether this last paper was originally with them; but he stated that ifhad been seen by him two or three years before the trial, — “that it used to be inside of the other pa-' pers, and that when .a copy of them had been required, it had also been copied by him.” The plaintiff offered to give the two first mentioned papers in evidence to the jury. The defendants objected to them, and also objected to the two being shown to the jury, unless accompanied by the third. .The' court admitted the two first, and the defendants excepted. Afterwards, the defendants offered the third paper. The plaintiff objected to it, the court rejected it, and the defendants excepted. ■ I shall consider the two exceptions together.
These papers were either public office papers, or they were not. Whether a trustee or trustees can, under the fair construction of this act, exhibit and settle an account in the Common Pleas, where no creditor has cited them, and how far such-an exhibition and settlement would be evidence, if sworn to and submitted to the court, and approved by them, we do not say. This is not the case: two of these papers are not sworn to, and none of them appear to have been submitted to the court, and approved by it. Trustees are answerable, generally, each for what he receives, and for no more. It would then seem that each may file a separate account, even where cited under the act, or they may join in an account. Their accounts, when filed, may be all'on one sheet of paper or on several; but if on several, one of which exhibits property unsold, another property sold, another the sum paid to different creditors, and another debts still due; and these are all filed at one time, they all make but one account, precisely as if they were all on the same paper; and where one part is given in evidence against trustees, it draws in the others for them. This is so generally.
But the plaintiff contends, that these were not public papers, — . that they were improperly lodged in the prothonotary’s office,— that he had a right to read them, as being made out by the defendants, and to charge the defendants, and to read only such of them as he pleased. It seems to me this makes his ease worse. When a defendant or defendants have exhibited an account to a plaintiff; he may generally give it in evidence against them. I am not so clear, that if by accident he finds a paper made out by one of them, without date or signature, he can in all cases give this in evidence against them. Perhaps it may generally be read as evidence *230 against the one who made it out, but I see no reason why it should be evidence against the other trustees, who are only answerable,’ each for what he himself admits, or what is proved against him. In the supposed case, however, if one of the papers so found is produced and,read as evidence, the whole must be produced. It is like the case of a confession, and you must take all or none.
The plaintiff, however, alleged, that all these papers were not made out at the same time. If they were public office papers, why is the time when they became so material? If private papers, exhibiting a statement of. trustees’ accounts, and the plaintiff offers them as containing such exhibition, it is not easy to see how part of an account made out on one day, is evidence to charge a man, and another, made out the next, is not evidence to discharge him. I speak of the case where the plaintiff produces a bundle of papers, found all at the same timfe, in the same place, and' all relating to the same matter. But he says, the last paper was made out since this suit commenced.’ If that were clearly so, it ought to have been rejected. Whether it were so or not, was a question of fact, and the whole three papers found together in the office ought to have gone to the jury, with directions to disregard one of them, if they should be of opinion'that it had not been put in with the other papers before this suit was instituted. This paper was not evidence for the defendants, except as forming a part of the whole account. When the others were received, it became evidence or not, according as the jury found it to be, or not to be, a part of the exhibition of their accounts by the defendants.
The next error assigned, is to the opinion delivered by the court, in answer to sundry propositions submitted to them by the defendants’ counsel. The court instructed the jury, that the defendants were liable for the amount which was raised, or which, with due diligence, might have been raised from the property assigned to them. The declaration had stated, that they had actually re-received money enough to pay all the debts of -Benjamin Hart, and if the plaintiff had made out that case, which may often prove a difficult undertaking, and if his claim against the assignor was established, I have said the plaintiff might have recovered, for the defendants would have received money for his use; but, on this declaration, he could not recover money not received by them; he could not, in this form of action, recover damages for neglecting to sell the property assigned. If he intended to charge them for negligence or misconduct, he ought to have framed his declaration accordingly; as it has several times been decided, in this court, that the plaintiff, in this form of action, can recover only what has been received, and not what ought to have been; and that this action cannot be supported by proving that the defendant has received goods, or even bonds for the payment of money. I shall only refer to those cases.
As this cause is to be sent back to the court below, it may not *231 be amiss that the counsel of the plaintiff should consider well whether he can support his case for a ,proportion or rateable share of the debt claimed, until he has proceeded against the trustees so far as to have a dividend declared, and distribution ordered, as directed by the act of assembly.
If the allowance to trustees is to be fixed by a jury, each jury in each different suit may fix a different allowance.
If the rateable allowance is to be ascertained by a jury in each case, then evidence to substantiate every debt claimed must be before the jury in every suit, and the trust estate might be wasted by expense, and, after all, each jury might differ in the proportion coming to the creditor, — o.ne might get fifteen shillings in. the pound, another ten shillings, and another five shillings. .
Trustees are each liable only for what he has received. If it should appear that one trustee has received one hundred dollars, another one thousand, and a third ten thousand, will it be pretended that each is liable for the other ?
Perhaps our law may be so construed and applied, as that the court will, on application under the act of assembly, ascertain the sum in the hands of each, and that suits may be sustained against each for the proportion of the dividends declared and ordered to be distributed.
As that act is not before us, it would be wrong in me to go into a full explication of it, and of the proper way of proceeding under it- though not amiss to suggest some things to the consideration of the parties, if it were only, lest if the cause should come back here, to prevent them from then asking, why we did not suggest these things when it was here the. first time.
Judgment reversed, and a venire facias de novo awarded*